# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA MACON DIVISION

| | | |
|---|---|---|
| **AUTO-OWNERS INSURANCE COMPANY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AMELIA D. SCOTT, INDIVIDUALLY AND AS MOTHER AND NATURAL GUARDIAN OF ISABELLA SCOTT, A MINOR; and JAMES WATKINS, INDIVIDUALLY AND D/B/A WATKINS CLEANING SERVICE,**<br><br>**Defendants.** | : | **Civil Action No. 5:09-CV-166 (HL)** |

## ORDER

Currently pending before the Court is Defendant Amelia D. Scott's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. 7). For the reasons discussed below, Defendant Scott's Motion is granted.

## I. Background

On April 30, 2009, Plaintiff Auto-Owners Insurance Company filed a Complaint for Declaratory Judgment (Doc. 1) pursuant to 28 U.S.C. § 1332. Plaintiff contends that the Court has original jurisdiction over this declaratory judgment action because it is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Underlying the declaratory judgment action is a case pending in the State Court of Bibb County in which Defendant Scott makes a number of serious allegations against Defendant Watkins. According to Defendant Scott, Defendant Watkins owns and/or operates a residential cleaning service which Defendant Scott engaged to clean her home. In the state court complaint, Defendant Scott alleges that Defendant Watkins negligently hired and retained an employee who was a convicted felon, and improperly allowed the employee to have access to Defendant Scott's home, resulting in the employee falsely imprisoning and assaulting Isabella Scott and her babysitter. Defendant Scott seeks damages and other relief against Defendant Watkins arising from alleged assault, wrongful imprisonment, negligent hiring and retention, negligent supervision, negligence per se, and loss of consortium. She also seeks punitive damages against Defendant Watkins.

In 2008, Plaintiff issued a commercial general liability insurance policy to Defendant Watkins. Defendant Watkins has sought a defense and indemnity under that policy for the damages sought against him in the state court lawsuit. Plaintiff contends that it has no duty to defend or indemnify Defendant Watkins in the state court lawsuit because of various provisions and exclusions in the insurance policy, and has requested in the declaratory judgment action that the Court enter an order stating that Plaintiff does not have a duty to defend or indemnify Defendant Watkins under the policy for the claims asserted in the state court lawsuit.

## II. Defendant Scott's Motion to Dismiss

Defendant Scott contends that Plaintiff's Complaint for Declaratory Judgment should be dismissed for lack of subject matter jurisdiction because Plaintiff cannot prove by a

preponderance of the evidence that the amount in controversy exceeds $75,000. Plaintiff argues that the Court has jurisdiction to hear the declaratory judgment action because there is no indication in Defendant Scott's state court complaint that the damages sought against Defendant Watkins fall, to a legal certainty, below $75,000, and because Defendant Scott has provided nothing to show that the damages she seeks will not exceed the jurisdictional minimum.

## III. Discussion

In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. While Plaintiff states in the Complaint for Declaratory Judgment complaint that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, Defendant Scott's state court complaint does not demand a specific amount of damages. Rather, the complaint demands special, general, and punitive damages "in an amount to be determined at trial."

In its response to Defendant Scott's Motion, Plaintiff argues that the Motion should be denied because there is no legal certainty that the amount in controversy does not exceed $75,000. The "legal certainty" theory, however, is inapplicable to this case. While generally "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal," Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed.2d 845 (1938), if jurisdiction is based on a claim for indeterminate damages, as it is here, the "legal certainty" test gives way. "[T]he party seeking to invoke federal jurisdiction bears the burden of providing by a preponderance

of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). The Eleventh Circuit has held that when the amount in controversy is based on the value of a lawsuit, the party asserting federal jurisdiction must provide a document containing "an unambiguous statement that clearly establishes federal jurisdiction." Lowery v. Ala. Power Co., 483 F.3d 1184, 1212 n. 63 (11th Cir. 2007).[1] The document establishing the jurisdictional amount must originate "from the plaintiff [in the underlying action] - be it the initial complaint or a later received paper...." Id. at 1213.

Here, the state court complaint does not provide an unambiguous statement that clearly establishes the jurisdictional amount. The Court is not aware of any other document from Defendant Scott which would establish jurisdiction, and Plaintiff has not directed the Court to any such document.

Plaintiff also argues that the jurisdictional amount is satisfied because the limit of the insurance policy is $300,000. Numerous courts have held, however, that in declaratory judgment actions that involve the applicability of an insurance policy to a particular occurrence, which would include this case, "the jurisdictional amount in controversy is measured by the value of the underlying claim - not the face amount of the policy." Hartford Ins. Group v. Lou-Con, Inc., 293 F.3d 908, 911 (5th Cir. 2002); *see also*,

---

[1] While Lowery was a removal case, the Eleventh Circuit has previously held that case law addressing the jurisdiction amount in the removal context is analogous to addressing the issue in a declaratory judgment context. Federated Mut. Ins. Co., 329 F.3d at 807 n. 1. Thus, the Lowery decision is instructive here. The Court is surprised that Plaintiff does not acknowledge the existence of Lowery in its response to Defendant Scott's Motion.

Employers Mut. Cas. Co. v. Parking Towing Co., Inc., 2007 WL 4577705 (S.D. Ala. Dec. 27, 2007); Kelly v. Gen. Star Nat. Indem. Co., 2007 WL 3034654 (M.D. Fla. Oct. 16, 2007). The Court agrees that reliance on the policy limits alone is insufficient to carry Plaintiff's burden, especially as no specific demand has been made against Plaintiff and the policy.

Finally, Plaintiff states that Defendant Scott could easily provide evidence that the damages claimed in the state court lawsuit do not exceed $75,000. While that may be true, such a request or requirement of Defendant Scott would impermissibly shift the burden of proof as to the jurisdictional issue. Plaintiff filed this lawsuit in federal court, and it has the burden to show that federal jurisdiction exists. In light of the nature of the claims asserted by Defendant Scott, she very well may recover in excess of $75,000 in the state court case. But "[t]o reach such a conclusion, [the Court] would necessarily need to engage in impermissible speculation - evaluating without the benefit of any evidence the value of individual claims." Lowery, 483 F.3d at 1220. Plaintiff has failed to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, Defendant Scott's Motion to Dismiss (Doc. 7) is **GRANTED**, and this case is dismissed without prejudice for lack of subject matter jurisdiction.

**SO ORDERED**, this the 16th day of September, 2009.

/s/ Hugh Lawson
**HUGH LAWSON, SENIOR JUDGE**

mbh